## JEREMIAH W. SULLIVAN v. TRIUNFO GOLD AND SILVER MINING COMPANY, E. P. FLINT, GEO. L. KENNY, R. H. WALLER, JAMES W. TOWNE, JAMES D. RYAN, RAMON NAVARRO, AND JAMES VIASCO, TRUSTEES OF SAID COMPANY.

INJUNCTION ORDER ex parte.—Where a District Judge, at Chambers, grants an injunction ex parte, under the statute, it virtually becomes the act of the Court, and no less so than if made upon notice, and may be enforced in the same way.

APPEAL FROM INJUNCTION ORDER.—Section three hundred and forty-seven of the Practice Act, which provides that an appeal may be taken "from an order granting or dissolving an injunction," authorizes an appeal to the Supreme Court from an order granting an injunction when made by a District Judge at Chambers ex parte.

IDEM.—Section three hundred and forty-seven of the Practice Act authorizes an appeal from "an order granting an injunction" in the broadest terms, without limit or qualification ; and the right of appeal under it is not limited to orders made on notice, or upon order to show cause. There is nothing in any other portion of the statute that in any way limits the scope of this express provision of the statute.

IDEM.—The provision of section three hundred and thirty-four of the Practice Act, that authorizes the Judge who granted an injunction-order ex parte to vacate or modify it ex parte, and the provision of section one hundred and eighteen of the same Act, that authorizes a party, restrained by an injunction which has been granted without notice, to apply, upon notice, to the Judge who granted it, or to the Court, to dissolve or modify it, are in nowise inconsistent with the right to appeal without such previous application.

CONCURRENT REMEDIES.—The right of appeal provided for in section three hundred and forty-seven of the Practice Act, is concurrent with the remedies provided for in sections three hundred and thirty-four and one hundred and eighteen of the same Act.

APPEAL FROM ex parte INJUNCTION ORDER.—The right of appeal from ex parte orders granting an injunction has been recognized in Martin v. Travers, 7 Cal. 253, and City and County of San Francisco v. Beideman, 17 Cal. 461, 464.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The plaintiff, upon application to the Judge of the Court of the Fourth Judicial District, based upon his complaint in this action, filed in said Court, obtained from him, ex parte, an order of injunction against the defendants, pendente lite, according to the prayer of said complaint. The defendants

49

appealed from said order. In this Court, the respondent moved to dismiss the appeal, upon the ground that the order appealed from is not an appealable order.

*Thompson Campbell,* and *Charles Wittram,* for Respondent and for the Motion.

The question presented comes up on respondent's motion to dismiss the appeal on the ground that the order appealed from is not an appealable order. Section three hundred and thirty-six of the Act of 1851 was amended by Act of 1854, so as to allow an appeal from an order granting or dissolving an injunction. (Acts 1854, p. 64.) The same section was again amended in 1859, by allowing an appeal from an order " refusing to grant or dissolve an injunction." (Acts 1859, p. 140.)

The amendment of 1854 to section three hundred and thirty-six is the clause in the law as it now stands upon which the appellant relies to sustain the proposition that an appeal lies from an *ex parte* order of a Judge granting an injunction.

Section one hundred and eleven (Bancroft's Practice Act) authorizes the Court, or the Judge thereof, or the Judge of the County Court, to grant injunctions. Section one hundred and thirteen, same Act, defines the time when an injunction order may be made. Section one hundred and fourteen provides that no injunction shall be allowed after answer, unless upon notice or order to show cause; but in such cases a restraining order may be made until the decision granting or refusing the injunction. Section one hundred and sixteen provides that the Court may, before granting the injunction, make an order requiring cause to be shown why the injunction should not be granted, and may in the mean-time make a restraining order. Section one hundred and eighteen provides that " If an injunction be granted without notice, the defendant, at any time before the trial, may apply, upon reasonable notice, to the Judge who granted the

injunction, or to the Court in which the action is brought, to dissolve or modify the same." Section three hundred and thirty-four provides that orders made without notice may be vacated or modified without notice by the Judge who made them, or may be vacated or modified on notice, in the manner in which other motions are made.

It is submitted that under section three hundred and thirty-four an order made without notice by a Judge is not directly appealable to the Supreme Court, but that the remedy in all such cases is by application to the Judge who made the order. All such cases, it would seem, are excepted from and are a limitation upon the general provisions contained in section three hundred and thirty-six. If I am correct in this construction, the same rule would apply to section one hundred and eighteen, which, in regard to injunction orders made without notice, provides a similar remedy, namely: by an application to the Judge who made the order to dissolve or modify the same, but such application must be made on notice.

If the original order is made on notice, no subsequent motion to dissolve will be entertained. (*Natoma Water and Mining Co.* v. *Clarkin*, 14 Cal. 551.) The reason for the rule, as stated in the decision, is, that the right to the injunction is considered as adjudicated by the decision at the hearing upon the order to show cause. But an order without notice is not an adjudicated order, both sides not having been heard.

An appeal will not lie from an order until entered. (3 E. D. Smith, 215.)

It is further submitted, that no reported case can be produced where an *ex parte* order for an injunction, made either by a Judge or a Court, was appealed from. The case of *Martin* v. *Travers*, 7 Cal. 253, is cited and relied upon by the appellant. That case was decided prior to the amendment of 1859, allowing appeals from orders refusing to dissolve an injunction.

From the statement it does not appear whether the origi-

nal order had been made with or without notice. But suppose it was made without notice. The language of the Judge is, " the appeal should be taken from the order granting the injunction." This was simply an unconsidered dictum of the Judge. The point now made had not been suggested. The remedy in such cases, pointed out by section one hundred and eighteen of the Practice Act, had not been brought to the attention of the Court. There was no such question in the case as the one now presented for consideration. The case of *Borland* v. *Thornton*, 12 Cal. 448, indicates the correct practice, in unmistakable terms; we refer particularly to the last paragraph of the decision. There is no intimation that an appeal would lie from such an order. The remedy by application to the Judge, under sections one hundred and eighteen and three hundred and thirty-four, is specially referred to. Particular attention to this case is respectfully invited. (*City and County of San Francisco* v. *Beideman*, 17 Cal. 461.) The County Judge, in this case, made the order *ex parte*, and refused on motion to dissolve it. The motion to dissolve was made on answer and affidavits. Mr. Justice Baldwin says, "from the *orders* the defendant appeals." The case shows that the appeal was from the refusal to dissolve, and not from the order granting. On page four hundred and fifty-one, the error assigned by appellant's counsel was for refusing to dissolve the injunction. *Ex parte* orders are not appealable. The remedy is by application to vacate or modify to the Judge who made them. (Practice Act, Sec. 334; *Savage* v. *Relyea et al.*, 3 How. Pr. 276; 16 Cal. 84; 16 Wend. 371.)

From the foregoing views and authorities, the following propositions are deduced:

First—That an appeal under section three hundred and thirty-six lies from an order granting an injunction in no case where the right to move for a dissolution is reserved to the defendant.

Second—That the right to move for a dissolution only

exists where the original injunction is granted without notice to the adverse party.

Third—That where the original injunction is granted on notice, or on an order to show cause, the remedy is by appeal.

Fourth—That where the original injunction is granted on notice, or on an order to show cause, no motion to dissolve is admissible, but the remedy is by appeal from the order granting the injunction.

Fifth—That from a refusal to grant an injunction on an *ex parte* application, no appeal lies from such refusal; but in such case the party must give notice to the adverse party of his intended application.

Sixth—That an appeal from a refusal to grant an injunction, made on an application without notice to the adverse party, is impracticable, for the reason that there is no party to whom the plaintiff could give the notice of appeal required by law.

Seventh—That the remedy, in all cases where an injunction is granted without notice, is by application to the Judge who granted the injunction, or to the Court in which the action is brought, to dissolve or modify the same; and from the order made thereon an appeal lies to the Supreme Court.

*Wilson & Crittenden,* for Appellants.

By the Court, Sawyer, J.:

The respondent moves to dismiss the appeal, on the ground that no appeal lies from an *ex parte* order made by the Judge at Chambers granting an injunction. Section one hundred eleven of the Practice Act authorizes a Judge at Chambers or a County Judge to grant the order, "and when made, it may be enforced as the order of the Court." Thus, although made by the Judge, it virtually becomes the act of the Court. The order is an order granting an injunction, when made *ex*

*parte* as well as when made on notice, and may be enforced in the same way. Section three hundred forty-seven provides, that an appeal may be taken "from an order granting or dissolving an injunction." The language is explicit, and clearly covers every case of an order granting an injunction. It does not say from an order granting an injunction made on notice, or upon order to show cause. Nothing is said about an order adjudicated after a contest, or after both sides have been heard. The appeal is from "an order granting an injunction," in the broadest terms, without limit or qualification. There is nothing in any other portion of the statute, so far as we have been able to discover, that in any way limits the scope of this express provision of the statute. It is true, that under section three hundred thirty-four, where an *ex parte* order has been made, the Judge who made the order is authorized to vacate or modify it *ex parte*. And under section one hundred eighteen, the party restrained by an injunction granted without notice may, upon notice, apply to the Judge who granted it, or to the Court, to dissolve or modify it. These remedies are in nowise inconsistent with the right to appeal without any such previous application. The remedy may be only cumulative and concurrent. In *Borland* v. *Thornton*, 12 Cal. 448, the general provision of section three hundred thirty-four, that "an order made out of Court, without notice to the adverse party may be vacated or modified without notice," was held to be applicable to *ex parte* orders granting injunctions as well as to other orders. Yet there was a special provision relating to the particular subject of injunctions in section one hundred eighteen, that, if "an injunction be granted without notice, the defendant, at any time before the trial, may apply upon reasonable notice to the Judge   *   *   or the Court   *   * to dissolve or modify the same." The provision of section one hundred eighteen, especially applicable to injunctions, was held not to be inconsistent with, or a limitation upon, the more general language of section three hundred thirty-four. The Court decided that either mode might be pur-

sued. With much greater reason it may be held, that the provisions of sections one hundred eighteen and three hundred thirty-four are not inconsistent with, or limitation upon, the provisions of section three hundred forty-seven allowing appeals from " orders granting injunctions." Besides, in 1851, when sections one hundred eighteen and three hundred thirty-four were adopted, there was no appeal in any case from orders granting injunctions. The remedies under those sections were the only remedies available before final judgment in the action. The amendment allowing appeal from the order granting the injunction was not adopted till 1854. This is a subsequent provision, and clearly indicates an intention to provide a further remedy. It is said that an *ex parte* order granting or refusing an injunction is not required to be entered on the minutes of the Court. If this be so, it is equally true with respect to similar orders made by the Judge at Chambers, on notice or upon order to show cause. In both cases the order is made by the Judge at Chambers, and is enforced as the order of the Court. The argument, then, bears with as great force against an appeal in the latter, as in the former cases.

It is said that no case can be found in the California Reports, in which the right to appeal from an *ex parte* order granting an injunction has been determined, and that this fact indicates a practical construction of the Act against the right. But the absence of such a determination may easily be accounted for upon other principles. Ordinarily, when time is important, the party temporarily enjoined would seek the quickest mode of relieving himself from the order; and obviously, that would be to apply at once to the Judge who made it, either without or upon notice, as the exigencies of the case might seem to render most advisable, to dissolve it. Probably in ninety-nine cases out of a hundred this would be the course pursued. But the action of the Judge, whatever it might be upon the application, would not be final, for whether he dissolved, or refused to dissolve, the injunction, the losing party would be entitled to appeal. A case might,

therefore, arise in which it would be more advantageous to the party restrained to have a speedy decision from the Court of last resort, which would be final, than to obtain for the time being a dissolution of the order of the Judge who made it with a right of appeal, and the control of the appeal and consequent power to delay a final determination remaining in the party seeking the injunction. The statute allowing an appeal in the first instance was, doubtless, designed to provide for such cases. However this may be, the causes indicated are amply sufficient to account for the fact that appeals are much more frequently taken after an application to dissolve than before. But there are two cases, at least, in which the right of appeal from an *ex parte* order granting an injunction has been recognized. In the case of *Martin* v. *Travers*, 7 Cal. 253, an *ex parte* injunction having been obtained, and a motion to dissolve made and denied, an appeal was taken from the order refusing to dissolve the injunction. The Court held, that, under the provisions of sections three hundred thirty-six, and three hundred forty-seven, of the Practice Act, as they then stood, no appeal was allowed, and said: " The appeal should be taken from the order granting an injunction." The decision was rendered in 1857, and sections three hundred thirty-six and three hundred forty-seven, as amended in 1854, then in force, only provided for an appeal " from an order granting or dissolving an injunction." The amendment allowing an appeal " from an order refusing to grant or dissolve an injunction," was subsequently made. It is true that it was only necessary to decide that under the law as it then stood, no appeal could be taken from an order refusing to dissolve the injunction. But the question immediately associated with the question decided, at once arose in the minds of the Court. Is there, then, no remedy in case of refusal to dissolve? And if there is, what is it? Upon looking at the statute, the answer was obvious. There is a remedy, for an appeal lies " from the order granting an injunction." It is so expressly provided. The Court, therefore, at once said the appeal

must be taken from the order which created the mischief—the order in which the error was first committed. And this must be correct, or there was no remedy at all so far as the provisional injunction was concerned. There was no means of correcting the second error by appeal from the order refusing to dissolve, and if there was no appeal from the order granting the injunction, it was only necessary to procure the order *ex parte* and a refusal to dissolve, and the injunction would remain till the final disposition of the cause, whether properly granted or not—a condition of things which we do not think was contemplated, and the Court in the case cited was evidently of the same opinion. Again, in *The City and County of San Francisco* v. *Beideman,* the County Judge granted an injunction *ex parte,* and denied a motion to dissolve. The defendant appealed from both the order granting, and the order refusing to dissolve, the injunction. It is so stated by the Court, and it so appears in the record of the case. And the judgment is, that " the *orders* appealed from are reversed," etc. Thus the appeal from the order granting the injunction was both entertained and determined, as well as the appeal from the order refusing to dissolve. The motion to dissolve was based on the answer, supported by numerous affidavits. In deciding the case, the Court do not discuss the answer and affidavits, but base their decision on the utter want of equity in the complaint—the ground especially applicable to the appeal from the order granting the injunction. (17 Cal. 461, 464.) The appeal at all events, was entertained and decided. The propriety of the appeal does not, it is true, appear to have been questioned. While in one point of view this fact may detract somewhat from the weight of the case as authority, yet, in another, the fact that it was not questioned by the able counsel who argued the case, would seem to indicate that they had no doubt that the order was appealable. Thus, it will be seen, that the right to appeal has been recognized in two cases, and we think it plainly authorized by

the express provision of the statute, and but for the fact that the point is made and earnestly pressed by experienced and able counsel, in an elaborate and plausible argument, we should not have deemed it requisite to discuss the question so fully.

Under the views expressed the motion to dismiss the appeal must be denied, and it is so ordered.