## Gales v. Bank of Plankinton *et al.*

In an action against an insolvent bank, an order appointing a receiver
    therein provided that it was not intended to interfere with the posses-
    sion of the sheriff of the property of the bank thereinbefore attached;
    the court reserving its order on such possession until further hearing
    might be had on future proceedings.   *Held*, that prior attaching credit-
    ors were not entitled to appeal therefrom, as Comp. Laws, § 5015, limits
    appeals from such an order to parties aggrieved.

(Opinion filed November 21, 190 ).

Appeal from circuit court, Aurora county.   Hon. Frank
B. Smith, Judge.

Action by Mike Gales against the Bank of Plankinton, a
corporation.   From an order appointing a receiver for defend-
ant, Warren Dye and another, prior attaching creditors of de-
fendant, appeal.   Affirmed.

The facts are stated in the opinion.

*H. C. Preston, T. J. Spangler* and *W. C. Cook,* for appellants.

*S. H. Bakewell* and *A. E. Hitchcock,* for respondent.

FULLER, P. J.   At the suit of plaintiff, seeking to recover a money judgment against an insolvent banking corporation, and with the consent of such corporation, the court appointed a receiver of its property, and in the order of appointment, from which Warren Dye and Jens Jensen, who are prior attaching creditors, appeal, their rights are preserved by the employment of the following provision:   "It is not the intent of the court in making this order to authorize the said receiver herein appointed to interfere with the possession of the sheriff of the property hereinbefore attached by creditors of said Bank of Plankinton, the court reserving its order upon such possession until further hearing may be had upon future proceedings." Section 5015 of the Compiled Laws expressly authorizes the appointment of a receiver by the court in which an action is pending against an insolvent corporation, or one in imminent danger of insolvency, and the right of appeal from any order or judgment is limited to parties aggrieved.   Schlegel v. Sisson, 8 S. D. 476, 66 N. W. 1087; Comp. Laws, § 5214.   Appellants are so amply protected by this non-obstructing order, which prevents the slightest interference with their possession, and suggests a further hearing upon future proceedings in the premises, that they have nothing of which to complain, and the order appealed from is affirmed.