[S. F. No. 2927.   Department One.—June 11, 1904.]

In the Matter of the Estate of LEWIS S. WOOD, Deceased. ROSA A. WOOD, Widow and Administratrix, Appellant, v. FARMERS' EXCHANGE, and ALLIANCE MILLING COMPANY, Respondents.

ESTATES OF DECEASED PERSONS — ORDER REFUSING APPLICATION OF WIDOW — APPEAL — ABSENCE OF BOND — DISMISSAL.—Where the widow applied to have the whole estate set apart to her, after the return of an inventory and appraisement showing it to be less than fifteen hundred dollars, under section 1169 of the Code of Civil Procedure, which application was refused upon objection of the

creditors, and on appeal from the order she filed no bond, the appeal must be dismissed.

ID.—APPEAL BY WIDOW AS ADMINISTRATRIX—RIGHT OF APPEAL.—Where the widow was also administratrix of the estate, if the appeal be viewed as taken by her in that capacity, it must also be dismissed, on the ground that the administratrix is not a party aggrieved, and has no right of appeal in her representative capacity. The order is against the widow, and in favor of the estate, and the widow individually is alone aggrieved, and she alone can appeal.

MOTION to dismiss appeal from an order of the Superior Court of San Benito County refusing to set apart the estate to the widow of the deceased. M. T. Dooling, Judge.

The facts are stated in the opinion of the court.

A. M. Cunning, for Appellant.

Briggs & Hudner, for Respondents.

LORIGAN, J.—This is a motion to dismiss the appeal.

Rosa A. Wood, appellant, is the widow of said L. S. Wood, deceased, and administratrix of his estate.

In due course of administration, an inventory of the estate having been filed, said Rosa A. Wood applied to the court to have set apart to her, as widow of the deceased, the whole of the estate, under section 1469 of the Code of Civil Procedure, on the ground that it did not exceed in value fifteen hundred dollars. This application was opposed by the respondents, creditors of the estate, and denied by the court, and it is from the order of denial that this appeal is taken.

It is somewhat doubtful from the record whether the appeal from said order is prosecuted by the appellant as an individual, or as administratrix of the estate. On the argument of this motion, counsel for appellant claimed that it was taken by her as administratrix. In the view, however, we take of the matter, her particular relation to the appeal is of no moment.

Respondents move to dismiss the appeal, in whichever capacity it is taken, on the ground that if it is prosecuted as an individual she has filed no undertaking on appeal, and for that reason her appeal should be dismissed, and if it is taken as administratrix, she is not a party aggrieved by the order,

because it was in favor of the estate and her as administratrix thereof, and, hence, in her representative capacity she has no right to appeal.

The motion must be granted on both grounds.

If the appeal is taken individually, as it clearly appears that no undertaking on appeal was ever filed, the motion must necessarily be granted as to the individual appeal.

If the appeal is taken in her representative capacity, the respondents are equally entitled to have it dismissed on the ground urged in that behalf. It is apparent that the estate which she represents as administratrix has not been injured by the order of the court denying her application, as widow, to have the entire estate distributed to her. In fact, the estate has been benefited. It remains intact in her hands as administratrix. It is the duty of an administratrix to preserve the estate for the benefit of the heirs and creditors of the decedent; her relation, as to these persons, is that of trustee for their benefit, whose duty it is to hold and preserve the estate for them, and it can never be said that either the trustee, or trust estate, is injured by an unsuccessful effort to take the property from the trustee. Nor does the fact that the widow and the administratrix happen to be the same individual affect the question. If a stranger had been administrator of the estate when the widow's application was made and denied, it is obvious that such administrator would have no right to appeal because her application was not granted, and the principle is the same, whether the widow is administratrix, or a stranger administrator. In neither case does the order affect the estate. It is neither injured nor aggrieved by it. The order is against the widow and in favor of the estate, and the widow individually is alone aggrieved, and she alone can appeal.

For the reasons given, the motion to dismiss the appeal is granted.

McFarland, J., and Henshaw, J., concurred.