WOODBINE SAVINGS BANK, Respondent, v. YAGER, et al, Appellants.

(245 N. W. 917.)

(File No. 6973.   Opinion filed December 13, 1932.)

For former opinion, see 58 S. D. 542, 237 N. W. 761.

*Sterling, Clark & Grigsby,* of Redfield, for Appellant.

*W. H. Beckman,* of Redfield, and *Boyce, Warren & Fairbank,* of Sioux Falls, for Respondent.

ROBERTS, J. ■ This cause is before us on rehearing. The appellant is the administrator of the estate of Henry Yager, deceased. The plaintiff instituted this action against Ben Yager, an heir of the decedent, and summoned the appellant administrator as garnishee defendant. The trial court made findings and entered judgment for the plaintiff in the garnishment proceedings, and in our former opinion, reported in 58 S. D. 542, 237 N. W. 761, we granted a reversal with directions to dismiss the proceedings. The respondent now urges that the appellant has no appealable interest and that the appeal should be dismissed. This objection was not presented in the briefs and was not considered by the court. The question is jurisdictional, however, and may be heard for the first time on rehearing.

■ The right of appeal is statutory. Lingenfelter v. Gehringer, 43 S. D. 275, 178 N. W. 946; National Bank of Commerce

v. Jury, 48 S. D. 467, 204 N. W. 945. A party who is not aggrieved by a judgment or order has no right of appeal. Section 3145, Rev. C. 1919; Schlegel v. Sisson, 8 S. D. 476, 66 N. W. 1087; Gales v. Bank of Plankinton, 13 S. D. 622, 84 N. W. 192; Agnew v. Agnew, 52 S. D. 614, 219 N. W. 893; Id., 52 S. D. 472, 218 N. W. 633, 59 A. L. R. 1549.

■ Service of garnishee summons was made and judgment was entered prior to the allowance of final account of the administrator and entry of decree of distribution in the county court. In our former opinion we held that the liability of a garnishee defendant is determined with reference to the time of the service of the garnishee summons and thereafter until the garnishee defendant makes answer. Section 2461, Rev. C. 1919, requires a garnishee defendant to disclose in his return "whether he was at the time of the service of the garnishee summons, or has since become indebted * * * to the defendant named in the garnishee summons." This provision would indicate that the liability of a garnishee should be determined at the time of the service of summons upon the garnishee and thereafter until answer is made, but upon further consideration we are of the view that section 2470, Rev. C. 1919, is controlling. The liability of the garnishee is determined thereunder as of the time of the service of the summons upon the garnishee defendant.

The trial court did not make its findings of fact and determine such liability as of the time of the service of the garnishee summons, but made such determination upon facts existing at the time of trial. The court found that the garnishee defendant was at the commencement of the action and thereafter the administrator of the estate of the decedent, Henry Yager; that the defendant Ben Yager is an heir of the decedent and entitled to a one-fourth interest in the properties of the estate; that at the time of the service of summons in garnishment the garnishee had in his possession and under his control, as administrator, a tract of land in Spink county, setting forth the description; that all the personal property had been converted into money, stating the amount thereof; that a final report had been submitted; and that the estate was ready to be closed. The court concluded as a matter of law that the garnishee defendant, as administrator, was subject to garnishment,

and that the defendant Ben Yager would be entitled to a one-fourth share of the real estate and the cash residue upon the allowance of the final report in the county court; and that such interest of the principal defendant was subject to garnishment and should be applied to the satisfaction of plaintiff's judgment. The judgment directs the garnishee defendant to apply the one-fourth interest of the debtor in the money on hand less such deductions as are allowed by the county court upon hearing the final account of the administrator and directs a sale of the one-fourth interest of the debtor in the real estate. The appeal by the garnishee defendant is from that portion of the judgment which decrees that the garnishee defendant has property of the principal defendant in his possession or under his control consisting of a one-fourth interest in and to the real property of the estate, and which directs that such undivided one-fourth interest be sold at public auction by the sheriff of such county to satisfy the judgment.

█ It is contended that the garnishee defendant can make no issue of the fact that the court did not determine as of the time of the service of the summons, that the judgment does not affect a substantial right of the garnishee defendant, and that such garnishee cannot appeal from the judgment, however erroneous, since it does not affect his substantial rights. Conceding for the purposes of this appeal that the failure of the trial court to determine liability as of the time of the service of the garnishee summons cannot be urged, we direct our attention to the contention that the rights of the appellant as administrator are unaffected under the judgment. An executor or administrator acts in a representative capacity, and it follows that, if a judgment rendered in an action or proceedings in which he is a party is prejudicial to the interests which it is his duty to protect, he is a party aggrieved within the meaning of the appeal statutes. It is the duty of an administrator to protect and preserve the estate pending settlement for the benefit of the heirs, devisees, or legatees and creditors. With controversies which affect the individual interests alone of those who may be interested in his trust, he has no concern, and cannot be regarded as aggrieved within the meaning of the statute. As illustrative of this, it is the general rule that an executor or administrator has no right to appeal from an order distributing

the estate. He does not represent any particular heir, devisee, or legatee, and is not aggrieved if any one of them receives less than he is entitled to under the order of distribution. In re Heydenfeldt's Estate, 117 Cal. 551, 49 P. 713; In re Woods' Estate, 143 Cal. 522, 77 P. 481 and Id., 94 Cal. 566, 29 P. 1108; Estate of Craig, 101 Neb. 439, 163 N. W. 765; In re Dewar's Estate, 10 Mont. 422; 25 P. 1025; Vincent's Estate, 84 Vt. 89, 78 A. 714; Appeal of Stilphen, 100 Me. 146, 60 A. 888, 4 Ann. Cas. 158; Bryant v. Thompson, 128 N. Y. 426, 28 N. E. 522, 13 L. R. A. 745.

This court in the case of Schlegel v. Sisson, supra, cited and relied upon by the respondent, held that executors could not appeal from a judgment, which was rendered upon an appeal from the county court, directing the payment of the proceeds of life insurance to the widow. This holding and the decisions cited therein are reviewed in the case of Agnew v. Agnew, 52 S. D. 614, 219 N. W. 893, wherein this court sustained the right of appeal by an administrator from a judgment awarding a family allowmance. The proceedings in Schlegel v. Sisson, supra, were in the nature of a partial distribution of the estate. The executors, creditors and all parties in interest were cited to show cause why an order of the county court for the payment of the proceeds of insurance should not be made. Creditors or other parties in interest did not appeal. All the beneficiaries of the trust administered by the executors, including creditors, having been cited to show cause, could protect their own rights, and it was not the duty of the executors who do not represent any particular beneficiaries to abandon their neutral position. The judgment rendered by a court having jurisdiction was ample protection to the executors.

The final account of the administrator in the instant case was not approved when the findings and judgment were entered, and the estate was not therefore ready for distribution. For all that appears, appeals from disallowed claims might have been taken. There existed the right of appeal from the order of the county court approving the final accounting of the administrator, and the interest of the principal defendant could be defeated by the discovery and establishment of a will. The case is essentially different from that of a contest between claimants to the estate as heirs or devisees

when the estate is ready for distribution; the administration then has served its purpose and all the beneficiaries having been notified are before the court. The judgment from which the appeal is taken applies a one-fourth interest of the real estate to the satisfaction of plaintiff's claim. It is the duty of an executor or administrator to protect and preserve the estate pending settlement, and, where a claim would diminish the estate and the beneficiaries or parties in interest are not cited before the court to protect their own rights, the administrator in his representative capacity has a right of an appeal from an adverse adjudication of such claim.

█ Counsel for the respondent insist that we committed error in construing the garnishment statute to the effect that property in the possession of an executor or administrator is not subject to garnishment before the county court has made a decree of distribution. This is almost the universal rule except where it has been changed by express statutory provision. A contrary rule announced by the Supreme Court of Indiana in Stratton v. Ham, 8 Ind. 84, 65 Am. Dec. 754, has been criticized and repudiated in other jurisdictions. Orlopp v. Schueller, 72 Ohio St. 41, 73 N. E. 1012, 1014, 106 Am. St. Rep. 583, 2 Ann. Cas. 919; J. I. Case Threshing Mach. Co. v. Miracle, 54 Wis. 295, 11 N. W. 580. The court in Orlopp v. Schueller, supra, having considered the minority holding, concludes: "It would seem to us but reasonable, therefore, that a rule so universally recognized by text-writers and so firmly established by judicial decisions as is the rule that an executor or administrator holding in his representative capacity cannot, in the absence of express statutory authorization, in advance of an order of distribution, be held or charged as garnishee in respect to property or funds in his hands belonging to an heir or legatee, should not now, in the absence of statutory requirement, or other cogent and compelling reason, be disregarded or disturbed by us."

In Nelson. v. Stull, 65 Kan. 585, 68 P. 617, 70 P. 590, the court states that the law of Kansas relative to garnishment was taken practically verbatim from the statutes of the state of Wisconsin. The garnishment statute of this state is substantially the same as the statutes of the state of Wisconsin and Kansas. The Supreme Court of Wisconsin in the case of J. I. Case Threshing Mach. Co. v. Miracle, supra, construed the garnishment statute of that state,

and there held that an executor or administrator is not subject to garnishment before a final order for the distribution of the estate is made. This construction of the statute by the Wisconsin court was adopted by the state of Kansas. Nelson v. Stull, supra; McCarthy Hardware Co. v. Foust, 118 Kan. 431, 235 P. 867.

When a state adopts a statute from another state, it is the presumption that it also adopts the construction of the statute which the courts of last resort of that state have previously placed upon it. Kirby v. Ramsey, 9 S. D. 197, 68 N. W. 328; Randall v. Burk Twp., 4 S. D. 337, 57 N. W. 4.

Respondent stresses the holding of this court in the case of Thomas v. Morristown State Bank, 53 S. D. 499, 221 N. W. 257, 259. This action was instituted by a foreign administrator against the defendant bank for the conversion of a certificate of deposit claimed to be the property of the estate. The administrator was himself indebted to the bank and the principal defense interposed was that the administrator was the sole heir and distributee of the estate; that there were no debts or unpaid claims against the estate; that all of the money due upon the certificate of the deposit was the property of the plaintiff as heir and due to him as his distributive share; that the plaintiff was insolvent; and that, if he was permitted as administrator to collect and return the money to the state of Illinois as administrator and there distribute it to himself, the debt due to the defendant bank could not be collected. The trial court excluded the evidence offered to prove these facts as alleged, and upon appeal this court held that this constituted error.

In the Thomas Case it was held that "modern practice permits garnishment of the property in the hands of the personal representative after the administration has been completed and an order of distribution made." This rule is clearly supported by the weight of authority. When a decree of distribution has been made whereby each share is finally and definitely determined, the distributive share may be reached by garnishment on the theory that a cause of action exists in favor of the distributee. In re Nerac, 35 Cal. 392, 95 Am. Dec. 111; Richards v. Griggs, 16 Mo. 416, 57 Am. Dec. 420; Harrington v. La Rocque, 13 Or. 344, 10 P. 498; Husted v. Stone, 69 Vt. 149, 37 A. 253; Boyer v. Haw-

kins, 86 Iowa, 40, 52 N. W. 659; Alexander v. Berkman (Tex. Civ. App.) 3 S. W. (2d) 864. It is true, as respondent points out, that in the Thomas Case this court held that an administrator's naked legal title to personal property with beneficial interest in the distributees where there are no claims against the estate to be paid is not sufficient to support an action against persons entitled to reach and subject such property to the payment of claims against distributees; that his naked legal title is not prejudiced by the proper application of the property by a court of equity or other legal proceedings affecting the distribution otherwise required of the administrator. The form of legal proceedings by which an application of the property may be thus made is not definitely determined, and there is no suggestion that the distributive share may be garnished in the hands of an executor or an administrator before settlement or entry of order of distribution except by way of reference to the holding in Stratton v. Ham, supra. The general statement is made that courts of equity may control the interest of the heir so that it may be eventually reached by his creditors. This does not mean, however, that such interest may be reached before the heir would be entitled to receive it himself; it has been held error to decree the sale of the interest before there is an accounting and settlement of the affairs of the estate. 18 C. J. 967; Lang v. Brown, 21 Ala. 179, 56 Am. Dec. 244; Hoge v. Junkin, 79 Va. 220. The proceedings under garnishment are purely statutory, and cannot be resorted to in cases not authorized by statute. The decision in the Thomas Case is not determinative in the instant appeal.

If we were to give the force and effect to the garnishment statute contended for by the respondent, the well and firmly established rule that an executor or administrator is not liable to garnishment in the absence of express statute and also the construction placed upon this statute by the courts of last resort of the states from which it was adopted, which settled law and the statutory construction were presumably known to the Legislature at the time of the enactment of such law, must be ignored. If it had been intended to include executors and administrators, it is reasonable to assume that the statute would contain express provisions subjecting them to its provision and necessary procedure for making effective such statutory liability.

We therefore adhere to the result arrived at in our former opinion. The judgment appealed from is reversed, with directions to the trial court to dismiss the garnishment proceedings.

All the Judges concur.