[L. A. No. 17039.   In Bank.—April 21, 1941.]

MILDRED UNA WORTLEY, as Administratrix, etc., Appellant, v. WOOD–CALLAHAN OIL COMPANY, LTD. (a Corporation), Respondent.

Maurice Gordon, Harris & Field and Everett L. Ball for Appellant.

Jonah Jones, Jr., for Respondent.

CURTIS, J.—Plaintiff and cross-defendant prosecutes this appeal from a judgment of the trial court decreeing that she, as administratrix of the Estate of S. S. Wortley, has no

right, title or interest in the proceeds from the oil production of a certain oil lease and that the holders of royalty interests under the lease are entitled to receive their proportionate shares of the proceeds derived from the sale of oil and gas produced.

The facts, as stipulated to, are as follows: On December 22, 1930, S. S. Wortley, now deceased, was the owner and holder of a leasehold estate in certain oil land. On that date Wortley obtained a permit from the Corporation Commissioner authorizing him to issue a total of forty-eight (48) one per cent participating oil interests or royalties; eight (8) one per cent interests to be issued in consideration for the rental of equipment and the remaining forty (40) one per cent interests for cash to the general public.

Thereafter, and prior to July 4, 1932, Wortley assigned to various persons a total of eighty (80) one per cent participating oil interests, ten (10) of which were assigned to the Petrol Corporation as collateral to secure the repayment of a loan. All such assignments over forty-eight (48) one per cent interests were in violation of the Corporation Commissioner's permit. As a result of these assignments and the twenty (20) one per cent royalty interests retained by the land owner, Wortley divested himself of all of the proceeds from the production of oil and gas and held only the bare leasehold estate, the equipment on the property and a possibility of reverter in the ten (10) one per cent interests issued to the Petrol Corporation. On July 4, 1932, Wortley, by written assignment, assigned all of his interest in the lease to Wood-Callahan Oil Company. The assignment expressly reserved the rights of the royalty holders and provided that on repayment of the moneys due the Petrol Corporation, the ten (10) one per cent interests held by it as collateral security would revert to the Wood-Callahan Oil Company.

After the assignment of the lease and up to the time of Wortley's death, the Wood-Callahan Oil Company distributed the proceeds (other than the land owners' royalties and certain other small per cent interests which were distributed directly) derived from the production of the oil well to Wortley, who, apparently acting as trustee or agent, distributed the proportionate sums to the various royalty holders. By this time the Petrol Corporation loan had been paid off

and the Wood-Callahan Oil Company was retaining that ten (10) per cent interest for itself.

After Wortley's death appellant, as administratrix of his estate, demanded that Wood-Callahan Oil Company pay all of the proceeds from the production of the well to her. This demand was refused and the instant action was then instituted to determine the rights of all the parties concerned. Since the commencement of the action the Wood-Callahan Oil Company has been paying the proceeds to a receiver, who is holding all sums received until final disposition of the cause.

■ The determinative question here is whether an administratrix of the estate of an original lessee of an oil and gas lease, claiming as a representative of the general creditors of the deceased lessee, has any right to or interest in the proceeds from the production of oil (oil royalties) under the lease when the lease itself, prior to the death of the original lessee, was assigned to another without reservation of any interest in the lessee. The ruling of the trial court that the administratrix had no interest in the proceeds from production is obviously correct.

The cross-defendants, other than the administratrix of Wortley's estate, are claiming proportionate shares of the proceeds as assignees of royalty interests assigned to them by S. S. Wortley prior to the assignment of the lease. The Wood-Callahan Oil Company, as defendant and cross-complainant, is claiming a reversionary right to ten (10) one per cent interests, the loan to Petrol Corporation having been repaid. The Wood-Callahan Oil Company is further claiming the right, as assignee of the leasehold interest from Wortley, to distribute the proportionate shares of the proceeds of the oil and gas produced directly to the royalty holders. The plaintiff, as administratrix of Wortley's estate, is claiming the proceeds from the royalties as a representative of the general creditors of the original leaseholder.

The assignment of the leasehold by Wortley to Wood-Callahan Oil Company was complete and without reservation of any kind as to Wortley. His estate, therefore, could have no possible interest in or claim to any property related to the leasehold. Yet appellant, as administratrix of this same estate, is claiming proceeds derived from the oil and gas lease. We are unable to conceive of any right or interest

that appellant could have that the deceased did not have. Appellant contends that she is not making a claim on the assumption that Wortley had any interest in the leasehold at the time of his death, but that she is claiming as a representative of the general creditors of deceased and in some way has greater rights in that capacity. It is true that an administratrix represents the creditors and that there is a fiduciary duty to collect all sums due the estate so that creditors' claims against the estate may be satisfied. (*Estate of Wood*, 143 Cal. 522 [77 Pac. 481]; *In re Heydenfeldt*, 117 Cal. 551 [49 Pac. 713].) However, the administratrix can have no greater rights than the deceased had prior to his death. All of Wortley's interests in the lease and royalties having been conveyed during his lifetime, no part of such interests could be reached by his heirs, personal representative or creditors. (*Lahaney* v. *Lahaney*, 208 Cal. 323 [281 Pac. 67]; *Hibernia etc. Soc.* v. *London etc. Ins. Co.*, 138 Cal. 257 [71 Pac. 334].) The exception of conveyance by decedent in fraud of creditors is not involved in the instant case, for no such fraud is alleged.

Appellant points to the reservation in the lease reserving the rights of the royalty holders and somehow concludes that that reservation makes the assignment to Wood-Callahan Oil Company immaterial. The reservation protects the royalty holders as against the assignee, but there is no dispute here between the assignee, Wood-Callahan Oil Company, and the royalty holders. In fact, the Wood-Callahan Oil Company is attempting to and did succeed in getting an order from the lower court permitting payment of the proceeds to the royalty holders. Such reservation can give no greater rights to the administratrix of Wortley's estate than he himself had, and he had none.

That the appellant does not recognize the significance or effect of the assignment of the lease is illustrated by her first contention, viz., that "purchasers of participating oil royalties or interests from a lessee of oil land, who is the issuer of such interests, are junior in right to the general creditors of such issuer". In support of this proposition the appellant cites the case of *In re Lathrap*, 61 Fed. (2d) 37, and *Bank of America National Trust & Savings Association* v. *Fisher*, 61 Fed. (2d) 53. The factual distinction between those cases and the instant one is the very thing that defeats

the claim of appellant. There the question arose as a result of bankruptcy proceedings against the lessee, and at the time of the action the lessee held the lease. Here the deceased had nothing at the time of his death. Assuming that the holding in the federal cases was proper and even assuming that the proposition could be applied to the instant case, the federal cases have since been expressly overruled by the case of *Laugharn* v. *Bank of America Nat. Trust and Sav. Assn.*, 88 Fed. (2d) 551, wherein the court said: "As the law then stood, this court was presented with two cases involving the nature of royalty interest holder's right whose interest was acquired from a lessee in an oil and gas lease. It was held that neither the owner nor the lessee had any present title to oil in place, and therefore, the assignment by the lessee did not convey the present title. (Citing the Lathrap and Fisher cases, *supra*.)

"Thereafter, the Supreme Court of California, in *Callahan* v. *Martin*, 3 Cal. (2d) 110, 43 P. (2d) 788, 792, 101 A. L. R. 871, considered the same issue and held that after an oil and gas lease, both the lessor and the lessee had an interest in real property capable of assignment or conveyance. (Citing further authorities.) . . . Therefore, we must and do overrule the prior decisions of this court in so far as they are inconsistent with the settled law of California as adjudged by the California courts."

█ It is difficult to determine just what appellant's argument really is, but apparently it is dependent on the theory that a royalty interest assigned by a lessee is merely a personal obligation in the nature of a corporation-preferred stockholder relationship, a joint adventurer relationship, or, perhaps, a partnership relationship. The facts of this case do not warrant a full discussion of the exact nature of interest of a royalty holder on assignment from the lessee of an oil and gas lease. It is sufficient to state that such interest is more than a mere personal obligation.

█ As previously stated, the original lessee, Wortley, issued eighty (80) one per cent royalty interests although he was granted permission by the Corporation Commissioner to issue only forty-eight (48) one per cent interests. In this regard appellant offers the proposition that as administratrix of Wortley's estate and acting on behalf of general creditors of the deceased, she may assert the invalidity of the oil royalties

issued by the deceased in violation of the Corporate Securities Act. Again assuming the correctness of such proposition, appellant is defeated in her contention because of the assignment by Wortley of all his interests prior to his death. Appellant cites the federal case of *Cecil B. DeMille Productions, Inc.*, v. *Woolery et al.*, 61 Fed. (2d) 45, in support of her contention. This case, as were the two federal cases cited in support of her first proposition, was a bankruptcy proceeding in which the lessee became insolvent without any assignment of the lease. For the same reason, therefore, the case is not applicable here. Furthermore, this case was referred to and overruled by the Laughran case, *supra*. The question of invalidity of the royalty interests because of issuance without permit may only arise as between the royalty holders and the Wood-Callahan Oil Company, as assignee of the lease, or others claiming under it. Appellant further cites the case of *Julian* v. *Schwartz*, 16 Cal. App. (2d) 310 [60 Pac. (2d) 887], in support of her contention. No better answer can be made to this citation in relation to the instant case than to quote from page 323 of the case itself. It is there stated: "Neither Schwartz nor Mack occupied the position of creditor of Julian in the operation of the wells here in question. The court found and the finding is supported by substantial evidence 'that said C. C. Julian had no interest in the premises . . . at the time of the levy of the execution . . . and at the time of said execution sale.' The question of the invalidity of the participating agreements as the result of failure to obtain a permit from the corporation commissioner, in so far as it may affect the Schwartz claim, becomes immaterial."

Appellant finally contends that the trial court erred in denying appellant's motion to introduce in evidence, as an exhibit and by way of reference, the file of the probate department of the same court containing the claims of creditors in the estate of Wortley. In view of our conclusion that appellant had no right to or interest in the royalties, it follows that there was no error on the part of the trial court in refusing to receive such proffered evidence.

The judgment is affirmed.

Edmonds, J., Carter, J., Shenk, J., and Traynor, J., concurred.