REMELIN v. BUTTERWORTH et

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2698. Decided Dec. 7, 1925

568. GARNISHMENT AND ATTACH-MENT—1. Funds in custody of clerk under and order of interpleader or in any other legal custody, in absence of express statutory authority are not subject to garnishment or attachment.

2. Attorney's lien cannot attach.

HAMILTON, J.

Lester Butterworth and William Madden brought an action in the Hamilton Common Pleas against Margaret Remelin and Griffith Remelin for services as attorneys. An affidavit in attachment and garnishment was filed which recited that the clerk of the Common Pleas court had funds belonging to the Remelins that ought to garnisheed and attached.

The Clerk answered that he had in his hands $4,931.20, on an order of interpleader under the case of Remelin et v. Metropolitan Life Insurance Co.

The Remelins separately moved to discharge the attachment and the Common Pleas sustained the motion as to Griffith Remelin but refused to discharge said attachment as to Margaret Remelin. Error was prosecuted to the Court of Appeals.

It seems that the Remelins were contending parties for proceeds under a life insurance policy on the life of Marshall Remelin, deceased. An order of interpleader was entered and the Insurance Co. paid to the clerk the proceeds of the policy and was discharged. The trial resulted in a verdict for Margaret Remelin and on the same day Butterworth and Madden instituted the proceedings in garnishment; subsequently judgment was entered on the verdict for Margaret Remelin. Under these circumstances the Court of Appeals held:

1. The important question is: May funds in the custody of the clerk of the common pleas court, held by him under order of court on interpleader, be garnisheed by a creditor of one of the claimants to the funds, prior to the judgment finding such claimant en-titled to the funds, and ordering same paid to such claimant?

2. In the absence of express statutory authority it is settled that funds in "Custodia Legis" are not subject to either attachment or garnishment.

3. The only statutory provision bearing on the question is 11829 GC., which holds substantially that service of process of garnishment upon the sheriff, coroner, clerk, etc., having in his possession any money of the defendants, shall bind it from the time of service and be a legal excuse to such officers to the extent of demand of plaintiff for not paying such money or delivering such claim or property—as by law he would be bound to do.

4. This statute undertakes only to define the effect of service of process of garnishment upon public officers. 72 OS. 41.

5. At the time of the attachment in the instant case, Margaret Remelin had no interest in the fund and the clerk was in nowise her debtor.

6. Such being the case, the fund was not subject to either attachment or garnishment at the time the proceedings were instituted and the trial court, committed error in refusing to discharge the attachment as to Margaret Remelin.

Judgment overruling motion to discharge the attachment reversed; and judgment rendered herein doing so.

Attorneys—Frank E. Wood and Edgar M. Powers for Remelin; Lester B. Butterworth for Butterworth et; all of Cincinnati.