No. 811

FOLLMER et v. SHAI

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1491. Decided Oct. 13, 1926.

First Publication of this Opinion.

229. CHATTEL MORTGAGE.—Signed by president, secretary and general manager of defacto corporation is presumptively valid.

Error to Common Pleas.
Judgment affirmed.

Charles Pretzman, Columbus, for Follmer et.

Carl H. Valentine, Columbus, for Shai.

BY THE COURT.

J. P.. Shai brought this action, in the Franklin Common Pleas, to recover the value of certain property which he claimed under a chattel mortgage given by the Motor Vehicle Transportation Service Co. It was alleged that possession of the property passed to the defendants, Elmer and Lillian Follmer, who made claim to the ownership and refused to deliver same to the plaintiff.

Defendants claimed ownership of the property by reason of a judicial sale. An issue was also raised upon the validity of the incorporation of the Transportation Service Co. The verdict in the court below was in favor of the plaintiff.

Error is prosecuted. It seems that there was some uncertainty, at the beginning of the trial, as to whether the plaintiff claimed that the mortgagor was a corporation or an unincorporated company; but finally he relied upon the incorporation of the mortgagor and its existence as a defacto corporation.

Inasmuch as plaintiff was not made a party in the case wherein the property was sold at judicial sale, it is clear that such sale did not affect plaintiff's rights.

Although the mortgagor filed its articles of incorporation, the incorporators failed to file a certificate with the Secretary of State, showing the issue of the requisite amount of stock. The corporation was a defacto corporation and would be liable for debts and obligation incurred in good faith. Garwood v. Oil Co., 11 Oh. Ap. 96.

There is no question as to the good faith of the transaction between the mortgagor and Shai. The money loaned by him to the company was used in the promotion of its business. The mortgage was signed, on behalf of the Company, by the President, Secretary and General Manager, and it would be presumptively valid without showing the express concurrence of a majority of the Board of Directors. The burden would rest on defendants to overcome the presumption of authority, and the evidence is not sufficient.

Substantial justice, under the clear weight of the evidence, favors the verdict of the jury so far as it purports to find in favor of Shai and against the Follmers; and the issue as to the amount of damages was fairly tried.

(Allread, Ferneding and Kunkle, JJ., concur.)