Matthias, J.
 

 The sole question presented in each of these cases is whether the fund involved falls within the provision of Section 11738, General Code, which precludes the allowance of exemption in lieu of a homestead out of certain property therein specified.
 

 The pertinent provisions of Section 11738, General Code, are as follows: “Husband and wife living together, * * * and not the owner of a homestead, in lieu thereof, may hold exempt * * * real or personal property # * # not exceeding five hundred dollars in value, in addition to the amount of chattel property otherwise by law exempted. Such selection and exemption shall not be made by the debtor, * * * or allowed to him from money, salary or wages due to him from any person, partnership or corporation, nor shall any passenger automobile be selected as exempt. No
 
 *31
 
 personal property shall be exempt from execution on a judgment rendered for the purchase price or any part thereof.”
 

 It is contended on the one hand that in the provision “such selection and exemption shall not be made * * * from money, salary or wages due to him,” the phrase “salary or wages” modifies or qualifies “money,” and that therefore money due the judgment debtor from any source, or of any character or class other than “salary or wages,” and within the amount stated, may be held as exempt in lieu of
 
 homestead;
 
 or, to put it the other way, that “salary or wages,” that is, personal earnings, due the judgment debtor, is the only “money” due him which he may not select as exempt in lieu of homestead.
 

 The other contention is that the language employed cannot be so construed as to limit “money due” to “salary or wages,” and exclude money due the judgment debtor from other sources or other persons.
 

 In our opinion the latter view is correct, and is required by the simple and plain language of the statute, and that conclusion is supported by a review of the legislative history of this section and a consideration thereof in connection with Section 11725, General Code.
 

 To hold that “money due” as here used is limited to “salary or wages” does violence to the clear, plain, and unambiguous language employed in the statute. The principle that exemption provisions should be construed liberally in favor of the debtor has no application where there is no ambiguity in the statute, and where the only possible doubt is
 
 *32
 
 created in an effort to construe a provision which is in terms definite and clear. No part of the provision can be disregarded in the construction of a statute. The query, “why include the phrase ‘ salary or wages’ if all money due the debtor is to be precluded from the exempt class,” is readily answered by the counter query, “why include the word ‘money’ if only personal earnings are to be nonexempt?” The court is not authorized to discard a portion of a legislative provision, or to insert other terms, under the guise of the construction of a statute, and thus give to it a scope and meaning which the court conceives the legislative body may have intended. Amendments of statutes should be made by legislative enactment and not by judicial construction.
 

 Section 11738, General Code, provides for a general exemption to the persons therein specified in lieu of a homestead. It was formerly Section 5441, Revised Statutes. Section 11725, General Code, authorizes specific exemptions to the persons therein specified. It was formerly Section 5430, Revised Statutes.
 

 The legislative history of these sections reflects the intent and purpose thereof and may be referred to briefly. Prior to 1898, Section 5430, Revised Statutes (now Section 11725, General Code), authorized the specific exemption from execution in favor of “every person who has a family, and every widow, may hold the following property exempt * * * the personal earnings of the debtor #
 
 * *
 
 for three months,” if made to appear that the same was necessary for the support of himself and family. Section 5441, Revised Statutes (now Section 11738,
 
 *33
 
 General Code), at that time authorized any resident of the state being the head of a family, and not the owner of a homestead, to hold exempt from execution and sale any real or personal property not exceeding $500 in value, in addition to the amount of chattel property otherwise exempt by law. It is to be observed that there was no conflict between the general and specific exemptions under these provisions. Both sections were amended in 1898 (93 Ohio Laws, 316, 318). The former section limited the specific exemption of personal earnings to 90 per cent, for three months against a debt for necessaries. The latter section was amended as to the class of persons entitled to the general exemption in lieu of a homestead, and by adding the further provision: “Provided, that such selection and exemption shall not be * * * allowed to the debtor from any money, salary or wages due him from any person, partnership or corporation whatever, as against any claim, debt or demand for necessaries furnished to such debtor, * * * except to the extent of ninety per centum of such money, salary or wages.”
 

 It is to be observed that in these two sections there was a different classification of the persons entitled to the exemption, but the distinction to be especially noted is that the limitation of exemption in the one section referred to “personal earnings,” while the other exemption provision enacted at the same time referred to “money, salary or wages due,” etc., a portion of which it provided could not be held exempt.
 

 An amendment of Section 11725, General Code, in 1925 (111 Ohio Laws, 386), further limited the class of persons entitled to the specific exemption, and
 
 *34
 
 limited the exemption as against a claim for work, labor, or necessaries to 80 per cent, of the personal earnings of the debtor, and as against other claims 90 per cent, of the personal earnings for thirty days and not exceeding $75, where shown to be necessary for the support of the debtor or his family.
 

 Throughout these amendments it is to be observed that “personal earnings” are referred to in dealing with specific exemptions in Section 11725, General Code, while the provisions of Section 11738, General Code, relating to the general exemption, and specifying the property which shall not be exempt, has constantly and consistently denominated it “money, salary, or wages due,” etc.
 

 When amended in 1925 (111 Ohio Laws, 387), there was omitted entirely from Section 11738, General Code, the portion theretofore inserted relative to necessaries, and thereafter the section permitted no exemption in lieu of a homestead from “money, salary or wages ’ ’ as against any claim. It is inconceivable that the Legislature in the various amendments of these sections intended the phrase “personal earnings,” employed in the one section, to have the same scope, meaning, and effect as “money, salary or wages,” the phrase used in the other section. If such legislation had been intended, a slight change of phraseology would have accomplished that purpose, such as the omission of the word “money,” or the insertion of a word or two of limitation, or the simple expedient of employing the term “personal earnings,” so long used in the specific exemption section.
 

 In our opinion any test that may be applied requires that the phrase employed in Section 11738,
 
 *35
 
 General Code, be held to include not only money due the judgment debtor, as salary or wages, but money due him from any source.
 

 It follows that the judgment in case No. 21802 should be reversed, and that in case No. 21966 should be affirmed.
 

 Judgment reversed in cause No. 21802.
 

 Judgment affirmed in cause No. 21966.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Day and Allen, JJ., concur.