## OHIO BUILDING MATERIAL CO v NERO

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided June 2, 1930

Hyre & Hyre, Cleveland, for Building Material Co.

Farquharson, Curtiss, Gillie, Gustafson & Miller, Cleveland, for Nero.

SULLIVAN, J.

This ruling of the Supreme Court applies to the facts in the case at bar, and notwithstanding our own opinion we would be obliged to follow that ruling as the law as laid down by the Supreme Court, but we are unable to pass upon this issue for the reason that the question is raised that in the proceedings in error from the Municipal Court to this court, **1579-36, GC** was not complied with, with respect to the clause which provides that no proceedings to reverse, vacate or modify a judgment or final order shall be commenced, unless within sixty days after the overruling of the motion for new trial, or the entry of the judgment or final order complained of, when a motion for new trial is not filed.

In the instant case, from an examination of the record we find that sixty-two days had elapsed which deprives us of jurisdiction and consequently we are unable to decide the case from its legal status, and recur only to the legal question raised in order to show the attitude of the court since its ruling in Morris Plan Bank, supra.

We find from an examination of the transcript that the motion for exemption was granted under the exceptions of plaintiff, December 13, 1929; that the precipe for the transcript of the docket and journal entries for proceedings in error were filed January 13, 1930, and the proceedings in this court, under the statute, were filed February 13, 1930, and by figuration from December 13, 1929, there were eighteen days left in that month, thirty-one days in January and thirteen days in February, and the numerals totalize sixty-two days which is two days beyond the jurisdiction of the

court, and therefore we are compelled to hold that we are without jurisdiction and the petition in error is hereby dismissed, but were it not for this mathematical deduction we would be compelled to hold as a matter of law, under the record, with regard to the money garnisheed, that the judgment of the lower court was error under the authority of Morris Plan Bank, supra, but of course, having no jurisdiction we cannot pass judgment upon the merits of the case.

Holding these views the petition in error is dismissed for non-compliance with 1579-36, GC.

Vickery, PJ, and Levine, J, concur.