## BERLIN HEIGHTS BANKING CO v FELTON, et

Ohio Appeals, 6th Dist, Erie Co
No 348. Decided Oct 13, 1930

King, Ramsey & Flynn, Sandusky, for Banking Co.

Rowley & Carpenter, Norwalk, for Felton, et.

WILLIAMS, J.

Section 11738 GC, reads as folows:

"Husband and wife, living together, or widow(er) living with an unmarried daughter or minor son, every widow, an devery unmarried female having in good faith the care, maintenance and custody of a minor child or children of a deceased relative, resident of this state, and not the owner of a homestead, in lieu thereof, may hold exempt from levy and sale, real or personal property to be selected by such person or his attorney, before sale, not exceeding five hundred dollars in value, in addition to the amount of chattel property, otherwise by law exempted. Such selection and exemption shall not be made by the debtor, or his attorney, or allowed to him from money, salary or wages due to him from any person, partnership or corporation, nor shall any passenger automobile be selected as exempt. No personal property shall be exempt from execution on a judgment rendered for the purchase price or any part thereof."

It is contended that the claim for exemption should have been made before the court made its order of distribution and that the claim for exemption should have been made under the statute to the sheriff instead of the court. The court ordered the property sold and at the same time made an order of distribution. Thereafter, at the same term of court, and before the day of sale arrived, the defendants demanded their allowance of exemption in lieu of a homestead by filing a written pleading in court. This was, in effect, a demand on the sheriff because the demand made to the court is a demand to its officers. The sheriff had been ordered to sell the property and could not do otherwise, without a further order of the court, and could not, under the orders of the court previously made, distribute any money to the defendants Felton. There was another difficulty in the way of compliance with the demand by the sheriff. The property was appraised at $1000.00 and evidently was not divisible. Under the circumstances the demand was properly made by filing it in court in the cause in which the order of sale was issued. As the fund out of which such allowance should be paid was in the hands of the court, the court could properly determine the issue as to the allowance in lieu of a homestead therefrom, notwithstanding the former order of distribution. It is true the term of court had gone by, but the pleading in which the demand for exemption was made was filed at the same term at which the order of distribution was entered.

It is further contended that the principle enunciated in **Morris Plan Bank vs. Viona,** 122 Oh St., 28, 170 NE, 650, is conclusive of plaintiff's contention. We can not adopt this view. The money arising from a sale of real estate under order of court to satisfy a judgment lien is not a money due the debtor from a person, partnership or corporation within the meaning of 11738 GC.

The court below properly allowed the exemption in lieu of homestead. Judgment and decree allowing exemption.

Lloyd and Richards, JJ, concur.