## RODLER v TROVILLO et

Ohio Common Pleas, Hamilton Co.

Decided April 14, 1938

Paul A. Holdt, Cincinnati, for plaintiff.

Robert L. Black, Cincinnati, and Howard D. Porter, Cincinnati, for defendants Trovillo.

A. J. Cunningham, Cincinnati, for Pleasant Ridge Bldg. & Loan Co.

## OPINION

By DEMPSEY, J.

This matter comes before this court on an affidavit claiming exemption in lieu of homestead, as filed herein on November 23, 1937, by the defendants Thomas and Stella Trovillo. Therein they assert that they are husband and wife, living together; that neither of them has a homestead; and that thereby they do select, by way of exemption in lieu of homestead. a lot of fifty foot frontage on the west side of Ross avenue in Remington, this county, of a value not in excess of $500. The plaintiff, Lucille Rodler, opposes any such allowance to the defendants, by way of exemption in lieu of homestead, on the ground that the defendants really have, and do now occupy a homestead; that they are acting fraudulently in this matter; and that under the circumstances of this case they are not entitled to resort to any other property than the residence premises, or its proceeds, for satisfaction of their homestead claims.

It appears that on July 12, 1935, the plaintiff recovered, in action No. A-46336 of this court, a judgment against the defendants on a promissory note, in the sum of $622.50. That was prior to the effective date, August 30, 1935, of the judgment lien certificate legislation. (Sec 11656 GC, as amended.) Hence that judgment became a lien, as of July 12, 1935, on all real estate, located in Hamilton county, which the defendants then owned. Such consisted of four parcels:

1. Their residence premises at the northwest corner of Ross avenue and Weller road, Remington;

2. A vacant lot fronting 70.66 feet on the west side of Ross avenue, just north of and adjacent to the residence property. It is the northerly fifty feet of this parcel which is specified in the defendants' affidavit.

3. A second vacant lot fronting seventy-five feet on the west side of Ross avenue; and

4. An acreage tract.

At that date the residence parcel and the acreage tract were encumbered by first mortgages to The Pleasant Ridge B. & L. Co. Upon said judgment plaintiff had an execution issue, at a date not in evidence, which was returned "no property upon which to levy."

Later, on November 22, 1935, by reason of the fact that the defendants were having difficulty in carrying the loans and to avoid foreclosure litigation and court costs, the defendants conveyed to the building association the residence and acreage parcels, subject to an understanding that, if the building association should sell the same at any time within two years, any excess of sales price, over and above the amount then owed by the defendants to the building association would be made available to the defendants. Ever since such transfers the defendants have continued to and still do occupy the residence premises, paying monthly rental therefor to the building association.

Thereafter, on May 6, 1937, plaintiff brought this action against the defendants Trovillo and the Building Association, to enforce the judgment and to marshal the liens as against the four parcels and to sell same for such purpose. Under the judgment and decree for sale, which was entered herein on September 14, 1937, only the two vacant lots on the west side of Ross avenue, not covered originally by the building association mortgages, were ordered to be sold. The order of sale issued thereunder to the sheriff on October 18, 1937; and they were sold by him on November 26, 1937, for $510. As already noted, defendants' affidavit for exemption in lieu of homestead was filed on November 23, 1937, subsequent to the issuance to the sheriff of the order of sale, but prior to the actual sale. The order confirming same was entered herein on February 1, 1938, but no distribution of the proceeds has yet been made.

On that state of the facts, the plaintiff contends that since, at the date of entry of her judgment, the defendants were owners of the residence parcel and occupied

558

the same as their homestead, they cannot now claim, as against the plaintiff in this action, by reason of their subsequent relinquishment of title to the homestead property, any part of the two vacant lots, or of the proceeds of their sale, by way of exemption in lieu of homestead; that such transfers to the building association were colorable, and, at best, the defendants are limited, for their claims, to the residence parcel or its proceeds.

Now the rights of the defendants, as debtors, are determined as to homestead exemption proper, by §§11730, through 11737 GC inclusive; and, as to exemption in lieu of homestead, by §11738 GC.

When the debtor is the owner of real estate, which he or his family uses as the homestead, he may hold the same, or a portion thereof, to a value not in excess of $1,000, free from sale on execution. **Sec 11730 GC.**

If the homestead property is subject to prior liens for the satisfaction of which it must be sold, then the debtor may have by way of allowance in lieu of homestead, out of the proceeds of sale of said homestead premises, the sum of $500 in cash. **Sec 11737 GC.**

If the debtor has no realty which he occupies as homestead, or, if on sale thereof and payment of superior claims, its proceeds do not amount to $500, then he may take, by way of exemption in lieu of homestead, such other property, in real estate, chattels or money, as he shall select, sufficient to total, but not to exceed, $500 in value. **Sec 11738 GC.**

It is the plaintiff's position that inasmuch as the defendants had, at the date of her judgment, the title to and were in possesion of the residence parcel as their homestead, and still continue to occupy the same, the subsequent conveyance to the building association must be deemed to be colorable; that the defendants are limited in their homestead rights to the residence premises, and must proceed under §§11730 and 11737 GC; and that they cannot, as against the plaintiff, participate under §11738 GC, in any other property, such as they are trying to do, in the two vacant lots, already sold herein.

It is true that, if the defendants actually now have a homestead, they must make their claims out of it; and cannot seek a share in other items, by way of exemption in lieu of homestead. Johnson Electric Co v Spence, 28 O. C. A., 44; **Staley v Woolley, 8 O C C 35.**

But the fact that the defendants held the residence parcel as their homestead at the date of the plaintiff's judgment, is not important.

Their status in the matter of homestead at the time of actual levy of execution on the judgment, or of seizure under the decretal order of sale, is what controls. **Wildermuth v Koenig, 41 Oh St 180; Johnson Electric Co v Spence, 28 O. C. A. 44; Nixon v Van Dyke, 2 O C C 63; Radford v Kachman, 27 Oh Ap 86, (5 Abs 742.)**

Here, there had been no levy upon any of the defendants' parcels under the execution which plaintiff had issue upon her judgment. The order of sale, in this action, against the two vacant lots did not issue until October 18, 1937, which was subsequent to the conveyances to the building association by aproximately two years. Accordingly, at the earliest day upon which the defendants' property was seized to satisfy the plaintiff's judgment, the defendants were no longer the owners of a homestead. They were entitled, therefore, to claim out of their other properties an exemption in lieu of homestead. That is, unless the transfers to the building association were fraudulent and invalid.

Even if the conveyances to the building association could be demonstrated to be fraudulent in character, that would not destroy the defendants' homestead rights under the statutes. The most that the plaintiff could then require would be a reconveyance of the residence and acreage parcels from the building association to the defendants. Thereafter, the defendants' claim to homestead and exemption in lieu thereof, would be intact as against all four parcels, and as operative as if no fraudulent transaction had occurred. **Tracy v Cover, 28 Oh St 61; Roig v Schuts, 42 Oh St 165.**

Such a re-transfer would not seem to be of any practical benefit to the plaintiff under the circumstances of this case, for by reason of the building association's first mortgage lien upon the residence parcel, the defendants could not insist upon having a specific homestead set off to them under §11730 GC. They would have to take, under §11737 GC, after satisfaction in full of the building association's mortgage, an allowance of not to exceed $500, payable out of the balance, if any, of the proceeds of sale of the residence parcel. If there were no such excess or if it were not enough

to make up the full $500, then the defendants could still resort to the vacant lots for their exemption in lieu of homestead, as provided by §11738 GC. In fact, it appears that the defendants might proceed to claim their exemption out of the vacant lots without awaiting the completion of the foreclosure of the residence parcel. Carter v Ross, 8 O C C 139; Niehaus v Faul, 43 Oh St 63.

In this case, however, the court is unable to find that the defendants' conveyances of the residence and acreage parcels were colorable and fraudulent. Plaintiff has failed to maintain her burden of proof in that regard; even as to constructive fraud. For the debtor may, in order to meet an impossible situation and thus save litigation and its concomitant expenses, turn over to the mortgagee the homestead property on which his lien rests, in satisfaction thereof; and by so doing the debtor does not lose his rights to claim exemption in lieu of homestead out of his other holdings. Niehaus v Faul, 43 Oh St 63; In re Radcliffe, 15 O. L. R., 287, 243 Fed., 716; Bretz v Moore, 4 O C C (N. S.) 556; In re Davis, 10 O. N. P. (N.S.) 205.

Nor are those rights defeated by the fact that the debtor may have reserved to himself, for a limited period, the privilege of regaining the homestead premises by repurchase, or some part of the proceeds of sale thereof. McConville v Lee, 31 Oh St 417.

As the defendants' affidavit, claiming the exemption in lieu of homestead, was not filed herein until after the sheriff had started proceedings under the order to sell the two vacant lots, no effort was made by him to set off to the defendants the specific parcel of real estate described in their said affidavit. That filing was only three days prior to the date fixed for the sale, so the sheriff went on and sold the two vacant lots as an entirety, which sale and proceedings have been duly approved and confirmed, and still stand so, by order of this court. Under these circumstances it is now impossible to allot to the defendants, as their exemption, any particular portion of the two vacant lots. Nevertheless, their said affidavit was in time; and was sufficient and effective as a claim for homestead exemption. So, thereunder, they are entitled to receive from the proceeds of of sale of the two vacant lots, and if they are insufficient, then out

of the other properties, if any, a sum of not to exceed $500.00. Sears v Hanks, 14 Oh St 298; Nixon v Van Dyke, 2 O C C 63; Banking Co v Felton, 39 Oh St 289, (9 Abs 29.)

Accordingly the court will approve an order for payment to the defendants Trovillo, from the balance of the proceeds of the two vacant lots, after satisfaction of the costs to date herein, a sum not to exceed $500.00, by way of exemption in lieu of homestead.