## CITY LOAN & SAVINGS CO v GUTHRIDGE

Ohio Appeals, 2nd Dist, Franklin Co

No 2888. Decided Sept 28, 1938

Little & Champ, Columbus, for plaintiff-appellant.

Bostwick & Cooper, Columbus, for defendants-appellees.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from an order of the Common Pleas Court allowing an exemption to defendant Olive Guthridge on her motion. The following entry sets forth the essential facts and the final order from which the appeal is prosecuted:

"* * * The court finds as follows: That judgment for $414.66 had been rendered against Orla Orville and Olive Guthridge and that E. R. Randolph, executor of the estate of Fannie N. Crouch, deceased, has, upon an affidavit of interpleader, filed with the clerk of this court the sum of $213.58, being the distributive share of Olive Guthridge in said estate.

The court hereby orders and decrees that the motion of Olive Guthridge is well taken, and is hereby sustained, and that the clerk of courts is hereby ordered and directed immediately to pay unto said Olive Guthridge the sum of $213.58, being her distributive share in said estate, and said defendant is entitled to have this money set off to her in lieu of a homestead, as exempt from execution, under and by virtue of §11738, GC.

To all of which plaintiff herein excepts."

From the pleadings and court orders we must conclude that distribution to Olive Guthridge has been made.

The question presented is: Was the judgment debtor entitled to the exemption granted under §11738, GC?

The respective parties in their briefs, cite and comment upon the following Ohio authorities:

**Morris Plan Bank of Cleveland v Viona,** 122 Oh St 28.

**The Ohio Building Materials Co. v Nero,** 33 O.L.R. 583.

**Dennis v Smith et, 125 Oh St 120.**

Sec 11738, GC, provides for an allowance to the head of the family or his wife, as the case may be, in lieu of homestead rights, the amount of the allowance and designates who may make selection and defines property exempt from levy. Defendant has conformed to all requisites of the statute and is entitled to the exemption unless precluded by the last part of the section which is pertinent to our case:

"Such selection and exemption shall not be made by the debtor, or his attorney, or allowed to him from money, salary or wages due to him from any person, partnership or corporation * * *."

We do not have the opinion of the trial judge but it is probable that the exemption was allowed to defendant judgment debtor upon the theory that the money representative of the bequest to be paid by the executor to defendant was not money due to him from a person. This construction of the law is questioned by the appeal.

The cases cited are not especially helpful to the court. Although they involve the exemption statutes they do not directly reach the query raised by the facts here. The case of Morris Plan Bank v Viona, supra, held that:

"Money deposited for or in the name of a judgment debtor is money due him, within the meaning of such statutory provision, (§11738 GC) and may not be allowed him as exempt in lieu of a homestead."

In that case the effort was made to give "money due" as employed in the section the limited meaning of salary or wages. The court held that such construction did violence to the clear and unambiguous language of the statute. The decision was clearly correct. The relationship of a bank and its depositor has uniformly been held to be that of debtor and creditor. Thus, as to any money on deposit in a bank the bank was the debtor of the depositor and it was clearly money due the depositor.

The Ohio Building Materials Co. v Nero, supra, the status of the garnishee who held the money which was claimed as exempt by the debtor does not definitely appear and we can not determine whether or not the law as applied to the facts would be helpful. The court, however, followed the doctrine of Morris Plan Bank v Viona, supra.

The writer of this opinion is familiar with the third case, Dennis v Smith, supra, having participated in its consideration when it was in the Court of Appeals of Greene County. The court held that the right to claim certain personal property

exempt from execution continued as to money received by way of proceeds of an insurance policy covering that exempt personal property. It will be noted that none of these cases treats of our narrow question, namely, whether or not money in the hands of an executor, which upon court order is ready to be distributed to a legatee, is money due.

Our examination of the authorities has been without success, as the question is related to the exemption statutes there applicable. However, we have found helpful ▮▮▮▮▮▮ cases, namely, that of garnishment, which proceeding is invoked in this case. A garnishee is required to answer if he is indebted to the defendant.

Many cases have arisen where, during the administration of estates actions have been instituted and the fiduciary has been served as garnishee for the purpose of requiring him to hold certain interests of beneficiaries, legatees or distributees. Such a situation was presented in Orlopp v Schueller, Admr., de bonis non, 72 Oh St 41, the first syllabus of which is:

"Property or money held by the executor or administrator of an estate in his representative capacity, can not be reached by attachment or garnishee process in an action against the heir or legatee before an order of distribution has been made."

Judge Crew writing the opinion, supporting the syllabus quoted, said at page 56:

"Such has been the almost uniform holding of the courts of last resort except in those jurisdictions where the rule has been changed by express statutory enactment. And this rule has thus been generally so held and applied by the courts, whether it was sought to charge the executor or administrator on account of a debt owing from the estate to the defendant in the attachment suit, or on account of the latter's being entitled to a distributive share of the estate as heir or legatee. Indeed, so far as our examination of the authorities has enabled us to discover, the only state in which the garnishment of an executor or administrator is allowed before final settlement or order of distribution, in the absence of express statutory authority therefor, is the state of Indiana."

This opinion and others are grounded upon the proposition that until there is an order of distribution the funds of the estate are as though in custodia legis; that it can not be determined until then that

prior claims will not take precedence over a bequest of money. See **Renelin v Butterworth**, 20 Oh Ap 256, Lease v Downey, 5 O.C.C.R., 480, 483, 484.

This question is the subject of an annotation to Bank v Chase et, 59 A.L.R. 766, the annotation beginning at page 768. Among the cases reviewed are:

Gilroy v Conn, 3 Ont. Week, N. 732.
Deeks v Strutt, 101 Eng. Re. 384.
Jones v Tanner, 108 Eng. Re. 825.

In Gilroy v Conn, supra, it was determined that:

"The claim of a residuary legatee against the executors is not a debt within the meaning of a rule providing that the judgment creditor, by garnishee process, is enabled to reach 'all debts owing or accruing' from the garnishee to his debtor."

And in Hunsberry v Kratz, 5 Ont. L. Rep. 635, it was held:

"Where executors were garnisheed for the interest of a residuary legatee in an estate, such an interest was not an attachable debt within the meaning of the statute."

We have cited these cases because they are counter to the great weight of authority. The annotator in summarizing the law as found in the many cases cited supports the rule as announced in Orlopp v Schueller, supra, and then says:

"But after settlement and a decree of distribution garnishment would lie because then the representative ceased to hold as an officer of the law and in his representative capacity and became a personal debtor of the persons entitled to payment of a debt or to a legacy or distributive share."

Later cases supporting the foregoing are:
Husey v Titcomb (Me.), 144 Atl. 218.
Mosher v Mosher, (Mass.), 199 NE 300.
Woodbine Savings Bank v Yeager, (S. D.) 245 NW 917.
Russell v Prospect Lodge, etc., (Okla.) 46 Pac. (2d) 478.

**Webster et v Bible Society**, 50 Oh St page 1, et seq., supports the conclusion that funds due from administrator executor representative of the legacy are money due to the legatee. Such funds are not held under a subsisting trust such as is recognized in equity but are subject to a legal action of the legatee against the fiduciary to recover. At page 12 of the opinion it is said:

"'Money applicable' to the payment of the legacy means money which the plain-

tiff was entitled to have applied in payment, and imports that there were no debts or other obligations having preference over the legacy, to prevent the proper appropriation of the money in the hands of the administrators to its payment, or delay its recovery by the legatee. * * * The duty of paying the legacy belonged to the administrators, as such, and not as trustees of a continuing trust."

It is our conclusion that at the time the exemption was allowed the money in the hands of the executor, payable to defendant on distribution, "was money due" him under the terms of §11738, GC, and was therefore not exempt.

The judgment will be reversed and cause remanded and order entered denying exemption to defendant.

BARNES, PJ, and GEIGER, J, concur.

## ON APPLICATION FOR REHEARING

Decided Oct 25, 1938

By THE COURT

Submitted on application for rehearing in which it is suggested for the first time that the money in this case, which defendant Olive Guthridge claimed to be exempt, was "representative of her interest in real estate under the last will and testament of Fannie N. Crouch, deceased, who in said will, among other things, decreed that the real estate be sold and the proceeds divided equally among four distributees, one of whom was Mrs. Guthridge."

It is said in the application that:

"The point we desire to emphasize especially to this court is that the money arising from the sale of the real estate was real estate in the eyes of the law because Mrs. Guthridge had no power to urge the sale, or defeat the sale, or do anything about the money arising from said sale; * * *."

We are again cited to Dennis v Smith et, 125 Oh St 120.

Our decision was rendered upon the language of the journal entry of the Common Pleas Court, wherein it is expressly found that the money involved was the "distributive share" of Olive Guthridge in said estate and decrees that said sum "being her distributive share in said estate;". she is entitled to have the money set off.

to her in lieu of homestead as exempt from execution thereunder by virtue of §11738, GC.

In the assignment of error counsel for appellant ended their statement of the proposition for determination in our court and treated the money involved as follows:

"Money due the defendant as a distributive share of an estate coming only by virtue of a bequest made by the testator and not by descent or operation of law." Further along in the brief it is stated that the interest of appellant under consideration came to her by a bequest in the will of Fannie N. Crouch, deceased, in which appellant was given ¼ interest in any moneys that remain out of the sale of certain real estate.

We can not properly consider as a part of the record the statements of counsel in their respective briefs. Upon the language employed in the journal entry we are led to believe that the money which the executor had in his hands payable to appellant upon distributive share was that which she would take of the personal estate under the statutes of descent and distribution after the debts of the decedent had been paid. There is nothing whatever in the journal entry to indicate that the money which the executor held for appellant came to her by bequest or as proceeds of a devise or in any way other than would be contemplated in the expression, "distributive share". However, upon a full consideration of that which is now before us in both briefs, it seems fair to say that the money involved is not and was at no time impressed with the character of real estate. It was bequeathed to appellant as money, namely, "proceeds of the sale of real estate." It was not contemplated that it passed to her as realty but only when and after real estate was sold. This could in no wise be held to be real property at any time.

The demand of appellant for exemption is grounded upon §§11725 and 11738, GC, and states that money sought to be exempted was "derived from my distributive share of the estate of Fannie N. Crouch, deceased." The share of appellant was treated in the motion as money and there is nothing whatever to indicate that it was claimed exempt as homestead or as real estate.

Upon the most liberal interpretation which can be placed upon all that is before us on the record and dehors the record, conceding that the money held by the executor, payable to the appellant was a bequest, it is in our judgment "money * * *

**238**

due to her from a person" under §11738, GC, and is not exempt. We refer to our opinion, wherein the rule is announced that money due from an executor to a distributee, legatee or beneficiary is an attachable debt.

We adhere to our former opinion.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.