CATON ET AL., APPELLANTS, *v.* KOHLER ET AL., APPELLEES.

(No. 1003—Decided December 10, 1941.)

*Mr. Andrew M. Keep,* for appellants.
*Mr. A. H. West,* for appellee Cecelia M. Kohler.

DOYLE, P. J.   Fred D. Jones died November 30, 1927. The principal asset of his estate was his home, which consisted of a house and lot.   His sole heirs were his

children, the plaintiffs, and the defendant Cecelia M. Kohler, all of whom were *sui juris*.

Subsequent to the decease of the father, the sons and daughters agreed that one of them, Cecelia M. Kohler, should occupy the premises and pay rent therefor. Occupancy followed this agreement, and the defendant Cecelia M. Kohler lived in the premises with her husband and son for a period of almost two years.

On December 23, 1940, Cecelia was sued by her four brothers and sisters for a balance claimed to be due on rent. On May 19, 1941, judgment was entered in the Court of Common Pleas of Lorain county in the sum of $1364, plus costs, in favor of the four brothers and sisters and against Cecelia. On May 28, 1941, execution was returned "not satisfied" by the sheriff.

Thereupon a proceedings in aid of execution was instituted, and Veona J. Caton, one of the daughters, and the administratrix of her father's estate, was proceeded against as the judgment debtor's debtor. In her answer she reported to the court that she was "holding the sum of $274, to which money the defendant Cecelia M. Kohler is lawfully entitled in view of the fact that Cecelia M. Kohler, defendant herein, is an heir to the estate of Fred D. Jones, deceased, that the debts of the said estate have been paid and that the above sum of money represents Cecelia M. Kohler's distributive share of the net proceeds of said estate. Defendant further says that the order of distribution in said estate has been made by the Probate Court of this county and that said sum of money is therefore not exempt from execution in this cause."

Several days subsequent to the filing of this answer, Cecelia M. Kohler, the judgment debtor, filed her application for exemption in lieu of homestead under the provisions of Section 11738, General Code, and asked the court "for an order dismissing the proceedings in aid of execution, and for an order ordering Veona J.

Caton, administratrix * * *, to pay the $274 in her hands to Cecelia M. Kohler * * *."

The Court of Common Pleas, after a hearing on the application of said defendant, ordered that her application be granted and that the administratrix "pay the $274 in her hands to Cecelia M. Kohler," and dismissed the proceedings in aid of execution.

From this order appeal was taken on questions of law to this court.

The sole question presented by counsel is "whether the appellee Cecelia M. Kohler is entitled to the sum of $274 under the exemption laws of the state of Ohio."

The evidence discloses that the real estate in the estate of the father was sold under proceedings in the Probate Court of Lorain county to pay the debts of the estate, and that the money claimed as exempt by the defendant was her distributive share of the proceeds of sale after the debts of the estate were paid.

The decision in this case must necessarily be bottomed upon the provisions of Section 11738, General Code, which reads as follows:

"Husband and wife living together, a widow[er] living with an unmarried daughter or minor son, every widow, and every unmarried female having in good faith the care, maintenance and custody of a minor child or children of a deceased relative, resident of this state, and not the owner of a homestead, in lieu thereof, may hold exempt from levy and sale, real or personal property to be selected by such person or his attorney, before sale, not exceeding five hundred dollars in value, in addition to the amount of chattel property otherwise by law exempted. Such selection and exemption shall not be made by the debtor, or his attorney, or allowed to him from money, salary or wages due to him from any person, partnership or corporation, nor shall any passenger automobile be selected as exempt. No personal property shall be exempt from execution on a

judgment rendered for the purchase price or any part thereof."

Great stress was given in argument and brief to the case of *Dennis* v. *Smith,* 125 Ohio St., 120, 180 N. E., 638, the syllabus of which states:

"2. The proceeds of an insurance policy, covering personal property exempt from execution under the provisions of Sections 11725 and 11738, General Code, which is destroyed by fire, stand in the place of the exempt property and are likewise exempt from execution and to the same extent."

The writer of the opinion in the *Dennis case, supra,* distinguished the facts of that case from those in a case which had been reviewed by the Supreme Court several years previous—namely, *Morris Plan Bank of Cleveland* v. *Viona,* 122 Ohio St., 28, 170 N. E., 650. He stated that the Supreme Court had determined in the latter case that money *voluntarily* placed on deposit in a bank by a debtor could not be claimed as exempt, and that "By parity of reasoning it must be held that money due to any debtor, whether a deposit in a bank or *not,* cannot be claimed as exempt." (Italics ours.) However, the judge continued: "It does not follow that that rule should apply where, as in the instant case, property which might be claimed as exempt has been converted into money without any voluntary action on the part of the debtor. * * * In the overwhelming majority of the decisions, it has been held that the exemption should apply to the proceeds of a policy of insurance covering exempt property."

The instant case does not present a situation in which specific personal property which might have been selected for exemption was involuntarily and accidentally "converted" into money due and owing from a fire insurance policy which had insured the owner thereof against its loss from fire; nor does that principle of law control this case.

We are confronted with a situation in which an undivided interest in real property passed directly to the judgment debtor as an estate of inheritance, subject to a liability for the payment of the debts of the estate if the personalty proved to be insufficient, and in which the administratrix at no time had title to the property (*Carr, Gdn.,* v. *Hull,* 65 Ohio St., 394, 62 N. E., 439), and in which it was found necessary to enforce the liability upon the estate of inheritance by the commencement of a civil action in the Probate Court for a sale of the property to pay the debts of the estate. Section 10510-2, General Code.

Under this situation, can it be said that, after an order of distribution, of the money which remained after the debts were paid, was made by the Probate Court to the heirs, including this judgment debtor, the money due and owing to the judgment debtor comes within the exception to the exemption statute Section 11738, General Code, as being "money, salary or wages due to * * * [her] from * * * [a] person, partnership or corporation"?

In the case of *City Loan & Savings Co.* v. *Guthridge,* 61 Ohio App., 202, 22 N. E. (2d), 573, it was held that "Money in the hands of an executor, ready to be distributed to a legatee, is 'money due' the legatee within the meaning of that term as used in Section 11738, General Code, and not exempt from garnishment based on a judgment against such legatee."

Judge Hornbeck in his opinion (*City Loan & Savings Co.* v. *Guthridge, supra*) analyzes *Orlopp* v. *Schueller, Admr.,* 72 Ohio St., 41, 73 N. E., 1012, which is authority for the proposition that "Property or money held by the executor or administrator of an estate in his representative capacity, cannot be reached by attachment or garnishee process in an action against the heir or legatee before an order of distribution has been made." The Supreme Court in this case grounds

its decision on the proposition "that until there is an order of distribution the funds of the estate are as though *in custodia legis*; that it can not be determined until then that prior claims will not take precedence over a bequest of money." The Hornbeck opinion, after showing, by the summary of the law as found in the many cases included in the annotation in 59 A. L. R., 766, at 806, that the *Orlopp case* was in accord with the great weight of authority, quotes further from that summary as follows:

" 'But, after settlement and a decree of distribution, garnishment would lie, because then the representative ceased to hold as an officer of the law and in his representative capacity, and became a personal debtor of the persons entitled to payment of a debt, or to a legacy or distributive share.' "

Our investigation of the Ohio authorities shows that the *Guthridge case, supra,* is the only one which construes the exceptions in the exemption statute under consideration in its application to money in the hands of an administratrix *after* an order of distribution has been issued.

This court is of the opinion that the same principles of law involved in the instant case were presented to the Court of Appeals of Franklin county in *City Loan & Savings Co.* v. *Guthridge, supra.* We are of the opinion that the judgment rendered in that case was right, and that a judgment should likewise be rendered in this case by holding that, after the order of distribution was made, the fund in the hands of the administratrix was "money * * * due" to the claimant "from * * * [a] person," within the meaning of the statute.

The judgment of the Common Pleas Court, being contrary to law, is reversed; and this court proceeding now to enter the judgment which the Court of Common

Pleas should have rendered, orders that said application for exemption be denied, and the defendant administratrix ordered to pay over to the plaintiffs the money in controversy now in her hands.

*Judgment reversed.*

STEVENS and WASHBURN, JJ., concur.